692 S.E.2d 532

**In the Matter of H. Ray HAM, Respondent.**

No. 26800.

Supreme Court of South Carolina.

Submitted March 9, 2010.

Decided April 12, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

H. Ray Ham, of West Columbia, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent

admits misconduct and consents to the imposition of an indefinite suspension.[1] Respondent requests that, if the Court accepts the agreement and imposes an indefinite suspension, that the suspension be made retroactive to the date of his interim suspension. *In the Matter of Ham*, 361 S.C. 116, 603 S.E.2d 905 (2004). In addition, respondent agrees to reimburse the Lawyers' Fund for Client Protection (Lawyers' Fund) for claims paid on his behalf. We accept the agreement and indefinitely suspend respondent from the practice of law in this state, retroactive to October 4, 2004, the date of respondent's interim suspension. Further, we order respondent to reimburse the Lawyers' Fund for all claims paid on his behalf. The facts, as set forth in the agreement, are as follows.

## *FACTS*

### *Matter I*

Over a number of years, respondent represented several members of the Doe family in a variety of legal matters. Respondent was named as the personal representative of Ms. Doe's estate. Respondent represents that all money he received from Ms. Doe's estate was properly authorized, although he acknowledges that he cannot properly document the funds.

The sole heir to Ms. Doe's estate was her brother, Mr. Doe. Respondent had represented Mr. Doe over a period of years and had effectively managed Mr. Doe's financial affairs.

In 2004, guardianship and conservatorship actions were filed in Richland County Probate Court concerning Mr. Doe. Respondent was notified of the two scheduled hearings, but he failed to attend either hearing. The probate court issued two orders directing respondent to produce financial records and an accurate accounting for the time period in which he man-

---

[1]. Since formal charges were not filed prior to January 1, 2010, an indefinite suspension remains a possible sanction under prior Rule 7(b)(2), RLDE. *See* Amendments to the South Carolina Rules for Lawyer Disciplinary Enforcement, Order dated October 16, 2009 (previous disciplinary rules apply, including possible sanction of indefinite suspension, if disciplinary complaint is pending on January 1, 2010, and formal charges have not been filed).

aged Mr. Doe's finances. Respondent failed to produce the requested documentation. Respondent acknowledges he is unable to properly document the monies which he disbursed on Mr. Doe's behalf. During this time period, respondent was admitted to an Upstate hospital and diagnosed with severe depression.

Respondent acknowledges that he withdrew substantial money from his trust account for his own use and benefit. He further acknowledges that he did not comply with the record-keeping provisions of Rule 417, SCACR. Respondent admits that, on September 27, 2004, he deposited $45,000 from his personal proceeds into his trust account in order to cover a shortage caused by his unauthorized withdrawals.

### Matter II

Respondent represented Complainant in several matters related to her business. Respondent asserts that, in one of these cases in early 2004, he instructed his staff to effect service on the opposing party. Respondent mistakenly believed that service had been accomplished when he informed Complainant of the status of the case. In fact, service was never completed.

Respondent admits that the file in the case was either lost or misplaced and he did not realize until several months later that service had not been accomplished. Respondent acknowledges that it was his responsibility to ensure that the case was handled in a competent and diligent manner.

By letter from ODC dated October 4, 2004, respondent was notified of the complaint in this matter; the letter requested a written response within fifteen (15) days. Respondent failed to respond or otherwise communicate with ODC.

On November 3, 2004, ODC sent respondent a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting a response. Respondent failed to respond or otherwise communicate with ODC within the timeframe requested in the November 3, 2004 letter.

ODC received a letter from respondent dated December 6, 2004, which stated "I have recovered to the point when I can now prepare a reply to their complaint. I will have it filed within a week." As of February 18, 2005, respondent failed to

submit any substantive response to the allegations in the complaint. On that date, full investigation was authorized by the Commission on Lawyer Conduct. Respondent accepted service of the Notice of Full Investigation on February 28, 2005. The notice required respondent submit a written response within thirty (30) days of service. Respondent failed to submit his response until May 2, 2005.

## LAW

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter); Rule 1.15 (lawyer shall keep client funds separate from lawyer's personal funds); Rule 8.1 (lawyer shall not fail to respond to lawful demand for information from disciplinary authority); Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice). In addition, respondent admits he has violated the financial recordkeeping provisions of Rule 417, SCACR. Respondent agrees that his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## CONCLUSION

We accept the Agreement for Discipline by Consent and indefinitely suspend respondent from the practice of law, retroactive to October 4, 2004, the date of his interim suspension. *See In the Matter of Ham, supra.* Pursuant to the terms of the agreement, respondent shall enter into a restitution agreement with the Office of Commission Counsel. Under no circumstances shall respondent file a petition for reinstatement until he has reimbursed the Lawyers' Fund for

all claims paid on his behalf.[2] Within fifteen days of the date of this opinion, respondent shall surrender his certificate of admission to practice law in this state to the Clerk of Court and shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

---

2. As of the date of the agreement, the Lawyers' Fund for Client Protection had paid $43,474.73 in claims against respondent.